UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BALTAZAR REYES GARCIA, | CASE NO. C21-0322JLR |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Before the court are two motions filed by *pro se* Petitioner Baltazar Reyes Garcia: a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (2255 Mot. (Dkt. # 1)) and an unsigned motion for discovery, an evidentiary hearing, and appointment of counsel (Disc. Mot. (Dkt. # 12 at 1-4)). Respondent United States of America ("the Government") opposes Mr. Garcia's § 2255 motion but did not file a response to his motion for discovery, an evidentiary hearing, and appointment of counsel. (*See* Resp. (Dkt. # 5); *see generally* Dkt.) The court has considered the motions, the

ORDER - 1

parties' submissions in support of and in opposition to the motions, the relevant portions of the records of this case and the underlying criminal case, and the governing law.[1] Being fully advised, the court DENIES Mr. Garcia's § 2255 motion to vacate his conviction and sentence and STRIKES his motion for discovery, evidentiary hearing, and appointment of counsel.

## II. BACKGROUND

On October 16, 2017, after an eleven-day trial, a jury found Mr. Garcia guilty of one count of conspiracy to distribute controlled substances and three counts of distribution of methamphetamine. (*See* 10/16/17 Min. Entry (CR Dkt.[2] # 665); Jury Verdict (CR Dkt. # 679).) On January 16, 2018, the court sentenced Mr. Garcia to 216 months of imprisonment and five years of supervised release. (*See* 1/16/18 Min. Entry (CR Dkt. # 777); Judgment (CR Dkt. # 778).)

Mr. Garcia appealed his conviction and sentence to the Ninth Circuit Court of Appeals. (*See* Not. of Appeal (CR Dkt. # 782).) The Ninth Circuit affirmed the court's judgment on November 4, 2019, and issued its mandate on November 26, 2019. (*See* 9th Cir. Mem. (CR Dkt. # 868); 9th Cir. Mandate (CR Dkt. # 869)); *see also United States v. Reyes Garcia*, 794 F. App'x 567 (9th Cir. 2019). Mr. Garcia petitioned the United States

---

[1] Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court determines that there is no need for an evidentiary hearing. 28 U.S.C. § 2255(b).

[2] The court uses the shorthand "CR Dkt." when citing to documents on the docket of Mr. Garcia's criminal case, *United States v. Garcia,* No. CR16-0287JLR (W.D. Wash.).

1  Supreme Court for a writ of certiorari. *See Garcia v. United States*, 140 S. Ct. 1286,
2  1286 (2020) (Mem.). The Supreme Court denied his petition on March 2, 2020. *See id.*
3       Mr. Garcia filed his § 2255 motion to vacate his conviction and sentence on March
4  3, 2021. (*See* 2255 Mot. at 12-13.) Mr. Garcia contends that his trial attorney provided
5  ineffective assistance of counsel (*see id.* at 4-6); that the court misapplied the Sentencing
6  Guidelines in determining his sentence (*see id.* at 7-8); and that he was subjected to a
7  "trial penalty" of a longer sentence because he chose to proceed to trial rather than plead
8  guilty to the charged offenses (*see id.* at 8-9). The Government filed a timely response on
9  May 7, 2021. (*See* Resp.)
10      Mr. Garcia moved for an extension of time to file his reply due to COVID-19
11 related lockdowns at the detention facilities where he was incarcerated and a recent
12 transfer to a new facility. (*See* MFE (Dkt. # 10) at 1.) On June 9, 2021, the court granted
13 Mr. Garcia's motion and set a new reply deadline of June 30, 2021. (*See* 6/9/21 Order
14 (Dkt. # 11).) Although Mr. Garcia submitted documents before that deadline, his reply
15 was missing pages and appeared to be commingled with three copies of his unsigned
16 motion for discovery, evidentiary hearing, and appointment of counsel. (*See* 7/7/21
17 Order (Dkt. # 13); *see generally* Dkt. # 12.)
18      On July 7, 2021, the court provided Mr. Garcia an opportunity to cure these
19 deficiencies by filing a complete reply and a signed and correctly dated motion for
20 discovery no later than July 21, 2021. (*See* 7/7/21 Order.) Mr. Garcia has made no
21 filings in response to that order. (*See generally* Dkt.) The Government, however,
22 provided the court a copy of the complete reply that Mr. Garcia had mailed to counsel on

June 29, 2021. (*See* Reply (Dkt. # 14).) The court reviews this version of the reply in this order.

### III.   ANALYSIS

Below, the court addresses Mr. Garcia's § 2255 motion and then discusses his motion for discovery, an evidentiary hearing, and appointment of counsel

**A.    Mr. Garcia's § 2255 Motion**

The Government argues that Mr. Garcia's § 2255 motion must be dismissed because it is time-barred. (Resp. at 11.) It points out that Mr. Garcia filed his motion on March 3, 2021—one year and one day after the Supreme Court denied his petition for certiorari. (*Id.*; *see* Mot. at 12-13); *see also Garcia*, 140 S. Ct. at 1286. Mr. Garcia, however, asks the court to equitably toll the deadline to file his § 2255 motion because he was exposed to COVID-19 while in custody and was transferred between detention facilities "at the height of" COVID-19. (Reply at 14.) The court agrees with the Government that Mr. Garcia's petition is time-barred.

Rule 3(d) of the Rules Governing Section 2255 Proceedings "codifies the prison mailbox rule, which states that a motion or other paper submitted by a prisoner is deemed filed as of the date he submits it to prison authorities for mailing if certain conditions are met." *United States v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015). Here, although the Supreme Court denied Mr. Garcia's petition for certiorari on March 2, 2020, Mr. Garcia did not place his motion in the prison mailing system until March 3, 2021. *See Garcia*, 140 S. Ct. at 1286; (*see* 2255 Mot. at 12). Thus, it is undisputed that Mr. Garcia filed his motion more than one year from the "date on which the judgment of conviction [became]

final." 28 U.S.C. § 2255(f); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) (judgment of conviction becomes final when Supreme Court denies petition for writ of certiorari). As a result, absent tolling of the statutory deadline, Mr. Garcia's motion is time-barred. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding federal habeas petition submitted one day late was properly dismissed as untimely); *see also United States v. Locke*, 471 U.S. 84, 100-01 (1985) ("A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.").

"A § 2255 movant is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "[F]or a litigant to demonstrate he has been pursuing his rights diligently . . . he must show that he has been reasonably diligent in pursuing his rights not only when an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claims in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2010) (internal citations and quotations omitted). Extraordinary circumstances beyond the defendant's control must make it "impossible to file a petition on time" and be the "cause of [the defendant's] untimeliness." *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Although a petitioner may be able to show that circumstances related to COVID-19 are sufficiently "extraordinary" to trigger equitable tolling, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis, because [the petitioner] must establish that he was pursuing his rights

diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *Olsen v. United States*, No. 4:20-cv-00166-BLW, 2021 WL 329462, at * 3 (D. Idaho Feb. 1, 2021) (emphasis in original; internal quotation marks omitted).

Here, Mr. Garcia states only that he was exposed to COVID-19 and was transferred between facilities "at the height of" the pandemic. (*See* Reply at 14.) He does not explain how his exposure to COVID-19 and his transfer caused his untimely filing and made it "impossible" to mail a timely petition on March 2, 2021, rather than a late petition on March 3, 2021. *See Battles*, 362 F.3d at 1197; (*see* Reply). Nor does he make any attempt to demonstrate that he pursued his rights diligently in the year before the statute of limitations expired. *See Smith*, 953 F.3d at 598-99; (*see* Reply). Accordingly, Mr. Garcia has not met his high burden to demonstrate an entitlement to equitable tolling.[3] Therefore, the court DENIES Mr. Garcia's § 2255 motion as time-barred.[4]

---

[3] Indeed, Mr. Garcia stated in his § 2255 motion that the Supreme Court denied his petition for certiorari on March 3, 2020. (*See* 2255 Mot. at 2.) Thus, it appears likely that his late filing was the result of his own mistake regarding the date his judgment of conviction became final rather than the COVID-19 pandemic.

[4] Because Mr. Garcia's § 2255 motion is time-barred, the court need not address the merits of that motion. Even if the motion were timely, however, Mr. Garcia's motion contains only conclusory allegations, and his reply neither addresses the Government's arguments in support of dismissal nor discusses the facts of his case. (*See generally* 2255 Mot.; Reply.) Instead, Mr. Garcia's reply merely recites case law regarding ineffective assistance of counsel and Sentencing Guidelines calculations without explaining how that law applies to support his claims. (*See* Reply.) Moreover, the court's review of the records of both this case and the underlying criminal case makes clear that Mr. Garcia's allegations have no basis in fact or law. Thus, even if Mr. Garcia had timely filed his § 2255 motion, the court would nevertheless deny the motion.

B.   **Mr. Garcia's Motion for Discovery, Evidentiary Hearing, and Appointment of Counsel**

The court STRIKES Mr. Garcia's motion for discovery, an evidentiary hearing, and appointment of counsel. The Federal Rules of Civil Procedure require a court to "strike an unsigned paper unless the omission is promptly corrected after being called to . . . the party's attention." Fed. R. Civ. P 11(a); *see also* Rules Governing Section 2255 Proceedings Rule 12. Here, Mr. Garcia did not sign any of the three copies of his motion. (*See* Disc. Mot. at 1-11.) And even though the court ordered Mr. Garcia to correct his improper filing, Mr. Garcia has not made any effort to cure the deficiency. (*See* 7/7/21 Order; *see generally* Dkt.) Accordingly, the court STRIKES Mr. Garcia's motion for discovery, an evidentiary hearing, and appointment of counsel.

Even if it did not strike the motion, the court concludes that the relief it seeks is unwarranted. First, a judge may, "for good cause," authorize a party in a § 2255 to conduct discovery under the Federal Rules of Civil Procedure. Rules Governing Section 2255 Proceedings Rule 6. The court declines to authorize discovery because Mr. Garcia has not met his burden to show good cause justifying discovery in this time-barred matter. (*See* Disc. Mot. at 1.)

Second, under 28 U.S.C. § 2255, the court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). "No hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as

ORDER - 7

to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted). Because Mr. Garcia's petition is time-barred, no evidentiary hearing is required.

And finally, a district court may appoint counsel in the "interests of justice" in a case brought under 28 U.S.C. § 2255. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954 (italics in original). Having reviewed the record, and being mindful of the standard set forth in *Weygandt*, the court concludes that appointment of counsel is not warranted.

### C.     Certificate of Appealability

As a final matter, the court notes that a petitioner seeking post-conviction relief may appeal a district court's dismissal of a 28 U.S.C. § 2255 motion only after obtaining a certificate of appealability. A certificate of appealability may issue only where a petition has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the court concludes that Mr. Garcia is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Garcia's untimely § 2255 motion to vacate his conviction and sentence (Dkt. # 1) and STRIKES Mr. Garcia's motion for discovery, evidentiary hearing, and appointment of counsel (Dkt. # 12). The court DISMISSES this matter with prejudice.

Dated this 4th day of August, 2021.

JAMES L. ROBART
United States District Judge